UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

Case No. 17-19338-PGH

LIGHTRAY CAPITAL, LLC,

Chapter 11

Debtor.

_____/

**DEBTOR'S APPLICATION FOR APPROVAL OF EMPLOYMENT OF EYAL BERGER, ESQ. AND THE LAW FIRM OF AKERMAN LLP AS GENERAL BANKRUPTCY COUNSEL FOR THE DEBTOR-IN-POSSESSION *NUNC PRO TUNC* TO JULY 25, 2017**

LIGHTRAY CAPITAL, LLC (the "**Debtor**"), pursuant to 11 U.S.C. §327(a), Fed. R. Bankr. P. 2014 and 2016, and Local Rule 2016-1, hereby file this *Application for Approval of Employment of Eyal Berger, Esq. and the law firm of Akerman LLP nunc pro tunc to July 25, 2017* (the "**Application**") seeking approval of the employment of Eyal Berger ("Berger") and the law firm of Akerman LLP ("**Akerman**"), to represent the Debtor as general bankruptcy counsel in this Chapter 11 case. In support of this Application, the Debtor relies upon the *Declaration of Eyal Berger on behalf of Akerman LLP, as Proposed Counsel for the Debtor-In-Possession* attached hereto as **Exhibit "A"** (the "**Berger Declaration**"). In further support of this Application, the Debtor respectfully represents as follows:

**I.      JURISDICTION**

1.      This Court has jurisdiction over this case pursuant to 28 U.S.C. 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §1408. The statutory predicate for the relief requested herein are 11 U.S.C. §327(a), Fed. R. Bankr. P. 2014 and 2016, and Local Rule 2016-1.

## II.    BACKGROUND

2.      On July 25, 2017 (the "**Petition Date**"), the Debtor filed a voluntary petition in this Court for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

3.      As of the date hereof, no trustee or examiner has been appointed.

4.      The Debtor is operating its business and managing its affairs as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

## III.    RELIEF REQUESTED

5.      By this Application, the Debtor seeks to employ and retain Eyal Berger, Esq. and the law firm of Akerman as its general restructuring and bankruptcy counsel with regard to the prosecution of this Chapter 11 case.  Accordingly, the Debtor respectfully requests the entry of an order pursuant to Section 327(a) of the Bankruptcy Code authorizing the Debtor to employ and retain Eyal Berger, Esq. and the law firm of Akerman as her general bankruptcy counsel under a $17,000 general retainer funded by Lightray Imaging, Inc., an owner of the Debtor, to perform the legal services that will be necessary during this Chapter 11 case as more fully described below.

### A.    Services to be Provided

6.      The services of Akerman are necessary to enable the Debtor to execute faithfully its duties as a debtor-in-possession.  Subject to order of this Court, the law firm of Akerman will be required to render, among others, the following services to the Debtor:

   (a)    advise the Debtor with respect to its powers and duties as a debtor and debtor-in-possession in the continued management and operation of its business and properties;

   (b)    attend meetings and negotiate with representatives of creditors and other parties-in-interest and advise and consult on the conduct of the case,

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

including all of the legal and administrative requirements of operating in Chapter 11;

(c)     advise the Debtor on matters relating to the evaluation of the assumption, rejection or assignment of unexpired leases and executory contracts;

(d)     provide advice to the Debtor with respect to legal issues arising in or relating to the Debtor's ordinary course of business including attendance at meetings with the Debtor's financial and turnaround advisors;

(e)     take all necessary action to protect and preserve the Debtor's estate, including the prosecution of actions on its behalf, the defense of any actions commenced against the estate, negotiations concerning all litigation in which the Debtor may be involved and objections to claims filed against the estate;

(f)     prepare on behalf of the Debtor all motions, applications, answers, orders, reports and papers necessary to the administration of the estate;

(g)     negotiate and prepare on the Debtor's behalf a plan of reorganization, disclosure statement and all related agreements and/or documents, and take any necessary action on behalf of the Debtor to obtain confirmation of such plan;

(h)     attend meetings with third parties and participate in negotiations with respect to the above matters;

(i)     take all necessary action to protect and preserve assets of the Debtor's affiliates, including representing the interests of the Debtor and Debtor's affiliates in the action styled as *USA v. The M/Y Galactica Star, et al.*, now pending in the United States District Court for the Southern District of Texas, Houston Division as Case No. 4:17-cv-02166 (the "Civil Forfeiture Action").

(j)     appear before this Court, any appellate courts, and the U.S. Trustee, and protect the interests of the Debtor's estate before such courts and the U.S. Trustee; and

(k)     perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 case.

7.     The firm of Akerman is willing to act on behalf of the Debtor as set forth above.

**B.     Terms of Retention**

8.     Akerman intends to apply to the Court for allowance of compensation for professional services rendered and reimbursement of charges and disbursements incurred in this

Akerman LLP, Las Olas Centre II, Suite 1600, 350 East Las Olas Boulevard, Fort Lauderdale, FL 33301-2999

Chapter 11 case in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules and the orders of this Court. Akerman will seek compensation for the services of each attorney and paraprofessional acting on behalf of the Debtor in this case at the then-current rate charged for such services.

9.     Consistent with the Akerman's policy with respect to its other clients, Akerman will continue to charge the Debtor for all other services provided and for other charges and disbursements incurred in the rendition of services. These charges and disbursements include, among other things, costs for telephone charges, photocopying, travel, computerized research, messengers, couriers, postage, witness fees and other fees related to trials and hearings.

10.     Akerman has agreed to accept as compensation such sums as may be allowed by the Court on the basis, among others, of the professional time spent, the rates charged for such services, the necessity of such services to the administration of the estate, the reasonableness of the time within which the services were performed in relation to the results achieved, and the complexity, importance and nature of the problems, issues or tasks addressed in this case.

11.     Other than as set forth herein and in the Berger Declaration, no arrangement is proposed between the Debtor and Akerman for compensation to be paid in this case, and no agreement or understanding exists between Akerman and any other entity for the sharing of compensation received or to be received for services rendered in or in connection with the case.

12.     No previous request for the relief sought in this Application has been made to this Court or any other Court.

## IV.     BASIS FOR RELIEF REQUESTED

13.     The Debtor has selected the firm of Akerman as its attorneys because of Akerman's extensive experience, knowledge and expertise in the field of debtors and creditors rights and reorganizations under Chapter 11 of the Bankruptcy Code.

14.    The Debtor desires to employ the firm of Akerman under a $17,000 general retainer funded by Lightray Imaging, Inc., an owner of the Debtor, because of the extensive legal services that will be required in connection with the Chapter 11 case. The hourly rates sought by Akerman for the proposed engagement are comparable to the rates charged by other practitioners in the Southern District of Florida.

## V.    DISINTERESTEDNESS OF PROFESSIONALS

15.    Except as set forth in the Berger Declaration, to the best of the Debtor's knowledge, the shareholders, counsel and associates of Akerman: (a) do not have any connection with the Debtor, its creditors, the U.S. Trustee, any person employed in the office of the U.S. Trustee, or any other party in interest, or their respective attorneys and accountants; (b) are disinterested persons, as that term is defined in Section 101(14) of the Bankruptcy Code; and (c) do not hold or represent any interest adverse to the Debtor's estate.

16.    More specifically, as set forth in the Berger Declaration:

(a)    Neither Akerman nor any attorney at the firm holds or represents an interest adverse to the Debtor's estate.

(b)    Neither Akerman nor any attorney at Akerman is or was a creditor, an equity holder, or an insider of the Debtor.

(c)    Neither Akerman nor any attorney at Akerman is or was, within two years before the Petition Date, a director, officer or employee of the Debtor.

(d)    Akerman does not have an interest materially adverse to the interests of the Debtor's estate or of any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason.

17.    Section 327(a) of the Bankruptcy Code provides that a debtor, subject to Court approval:

[M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

18.  Bankruptcy Rule 2014(a) requires that an application for retention include:

[S]pecific facts showing the necessity for the employment, the name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

19.  Accordingly, the Debtor submits that it has satisfied the requirements of Bankruptcy Rule 2014 to support entry of an order, authorizing the Debtor to retain and employ Akerman and to compensate Akerman for any services rendered in accordance with the Bankruptcy Code.

**WHEREFORE**, the Debtor respectfully requests that the Court enter an order: (i) authorizing the Debtor's retention of Eyal Berger, Esq. and the law firm of Akerman LLP as substitute general bankruptcy counsel upon the terms outlined in this Application and the Berger Declaration *nun pro tunc* to July 25, 2017; and (ii) granting such other and further relief as is just and proper.

Date: August 1, 2017

Respectfully submitted,

LIGHTRAY CAPITAL, LLC

By:_____
ALI FAROOQ, Manager on behalf of
Lightray Capital, LLC

AKERMAN LLP, LAS OLAS CENTRE II, SUITE 1600, 350 EAST LAS OLAS BOULEVARD, FORT LAUDERDALE, FL 33301-2999

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on August 2, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day by transmission of Notices of Electronic Filing generated by CM/ECF to those parties registered to receive electronic notices of filing in this case as listed in the below service list.

By: _/s/ Eyal Berger_
Eyal Berger, Esq.
Florida Bar No. 11069
eyal.berger@akerman.com
**AKERMAN LLP**
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, FL 33301
Tel:  954-463-2700
Fax: 954-463-2224

_Proposed Counsel to the Debtor_

## SERVICE LIST

**17-19338-PGH Notice will be electronically mailed to:**

Eyal Berger, Esq. on behalf of Debtor Lightray Capital, LLC
eyal.berger@akerman.com, jeanette.martinez@akerman.com

Office of the US Trustee
USTPRegion21.MM.ECF@usdoj.gov

# EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

Case No. 17-19338-PGH

LIGHTRAY CAPITAL, LLC,

Chapter 11

      Debtor.

_____/

**EYAL BERGER'S DECLARATION IN SUPPORT OF DEBTOR'S APPLICATION FOR
APPROVAL OF EMPLOYMENT OF EYAL BERGER, ESQ. AND THE LAW FIRM OF
AKERMAN LLP AS GENERAL BANKRUPTCY COUNSEL FOR THE DEBTOR-IN-
POSSESSION *NUNC PRO TUNC* TO JULY 25, 2017**

      Eyal Berger, Esq. makes this Declaration pursuant to 28 U.S.C. § 1746, and states:

      1.     I am an attorney and shareholder of the law firm of Akerman LLP ("Akerman"). I am familiar with the matters set forth herein and make this Affidavit in support of the *Debtor's Application for Approval of Employment of Eyal Berger and the Law Firm of Akerman LLP as General Bankruptcy Counsel for the Debtor-in-Possession Nunc Pro Tunc to July 25, 2017* the ("Application").

      2.     In support of the Application, I disclose the following:

           a.     Unless otherwise stated, this Affidavit is based upon facts of which I have personal knowledge.

           b.     In preparing this Affidavit, I have reviewed the list of all creditors and equity security holders of the Debtor provided to us by the Debtor. Akerman maintains a computerized conflicts check system. Akerman has compared the information obtained thereby with the information contained in its client and adverse party conflict check system. The facts stated in this Affidavit as to the relationship between Akerman and the Debtor, the Debtor's creditors, the United States Trustee, other persons employed by the Office of the United States

42401953;2

Trustee, and those persons and entities who are defined as disinterested persons in Section 101(14) of the Bankruptcy Code, are based on the results of my review of Akerman's conflict check system. Based upon such search, Akerman does not represent any entity in any matter involving or adverse to the Debtor or which would constitute a conflict of interest or impair the disinterestedness of Akerman in respect of its representation of the Debtor herein.

3.     Akerman's client and adverse party conflicts check system is comprised of records regularly maintained in the course of business by Akerman, and it is the regular practice of Akerman to make and maintain these records. The system reflects entries that are noted at the time the information becomes known by persons whose regular duties include recording and maintaining this information. I regularly use and rely upon the information contained in the system in the performance of my duties with Akerman and in my practice of law.

4.     A review of Akerman's conflicts check system indicates that Akerman has not represented any of the Debtor's creditors in any unrelated matters.

5.     Akerman neither holds nor represents any interest adverse to the Debtor and is a disinterested person within the scope and meaning of Section 101(14) of the Bankruptcy Code.

6.     Neither I nor Akerman has or will represent any other entity in connection with these cases, and neither I nor Akerman will accept any fee from any other party or parties in these cases, except the Debtor-In-Possession, unless otherwise authorized by the Court.

7.     The professional fees and costs to be incurred by Akerman in the course of its representation of the Debtor in this case shall be subject in all respects to the application and notice requirement of 11 U.S.C. §§ 330 and 331 and Fed. R. Bank. P. 2014 and 2016.

8.     The hourly rates for the attorneys at Akerman range from $275 to $650 per hour. The hourly rates of myself, the attorney who will be principally working on this case, is $430.

Akerman reserves the right to increase its hourly rates in accordance with its normal and customary business practices.

9. There is no agreement of any nature as to the sharing of any compensation to be paid to Akerman, except between the attorneys of Akerman. No promises have been received by Akerman, nor any member or associate thereof, as to compensation in connection with these cases other than in accordance with the provisions of the Bankruptcy Code.

10. No attorney at Akerman is or has served as an officer, director or employee of a financial advisor that has been engaged by the Debtor in connection with the offer, sale or issuance of a security of the Debtor, within two years before the Petition Date.

11. No attorney at Akerman has represented a financial advisor of the Debtor in connection with the offer, sale or issuance of a security of the Debtor within three years before the Petition Date.

12. No attorney at Akerman has any other interest, direct or indirect, that may be affected by the proposed representation.

13. Except as set forth herein, no attorney at Akerman has had or presently has any connection with the above-captioned Debtor or the estate on any matters in which Akerman is to be engaged.

14. Akerman has received a $17,000 general retainer funded by Lightray Imaging, Inc., an owner of the Debtor.

15.     This concludes my declaration.

### 28 U.S.C. § 1746 Declaration

I declare under penalty of perjury that the foregoing is true and correct.  Executed on

August 1, 2017

_____

Eyal Berger

# EXHIBIT "B"

## (PROPOSED ORDER)

42401953;1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION
www.flsb.uscourts.gov

In re:

                             Case No. 17-19338-PGH

LIGHTRAY CAPITAL, LLC,

                             Chapter 11

       Debtor.
_____/

**ORDER APPROVING DEBTOR'S APPLICATION TO EMPLOY EYAL BERGER, ESQ. AND
THE LAW FIRM OF AKERMAN, LLP AS GENERAL BANKRUPTCY COUNSEL FOR THE
DEBTOR-IN-POSSESSION *NUNC PRO TUNC* TO JULY 25, 2017**

       **THIS CAUSE** came before the Court upon the application of the Debtor, Lightray

Capital, LLC, for authority to retain general bankruptcy counsel, and upon the affidavit of Eyal

Berger, Esq. of Akerman LLP.  Upon the representations that Eyal Berger is duly admitted to

practice in this court, Eyal Berger, and Akerman LLP (hereafter, the **"Firm"**) hold no

undisclosed interest adverse to the estate in the matters upon which they are engaged, that Eyal

Berger and the Firm are disinterested persons as required under 11 U.S.C. § 327, and have

42401953;2

disclosed any connections with parties set forth in FRBP 2014, and that their employment is necessary and would be in the best interest of the estate, it is

**ORDERED** that the Debtor is authorized to retain Eyal Berger and Akerman LLP as general bankruptcy counsel on a general retainer, pursuant to 11 U.S.C. §§ 327 and 330, *nunc pro tunc* to July 25, 2017.

# # #

**Submitted by:**

Eyal Berger, Esq.
**AKERMAN LLP**
*Counsel for Debtor, Lightray Capital, LLC*
Las Olas Centre II, Suite 1600
350 East Las Olas Boulevard
Fort Lauderdale, Florida 33301
Tel: 954-463-2700
Fax: 954-463-2224
Email: eyal.berger@akerman.com

Eyal Berger is directed to serve copies of this Order upon all interested parties and to file a certificate of service with the Court.

42401953;1